RECEIVED
MAY - 9 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SILENTOE K. FOSTER | CIVIL ACTION NO. 1:16-CV-00544 |
| VERSUS | CHIEF JUDGE DRELL |
| WESTERN DISTRICT COURT, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, *in forma pauperis*, by pro se plaintiff Silentoe K. Foster ("Foster") on April 20, 2016. Foster names numerous defendants in his complaint: Western District Court, Jehovah Witness, Inc., Jacqueline D. Metoyer, April D. Metoyer, Ronrico Metoyer, Hernando Metoyer/Foster, George Washington Library, Roger Brittain, Schlotzsky's Deli, Popeye's Chicken, Wendy's, Dollar General, Southern Chevrolet (Mr. Egmundan), Roger Brittain, Billy Brittain, Lisa Moreau, Gus Towsend, Stella Qwandiku, Charles Ezernach, Patricia Koch, Simon Cowe, Randy Benson, Jamie Cole, Thomas Yeager, Steven Harrison, Bridgett Brown, Michael Brewer, Mr. Neblett, Greta, Evana, Jeff, Michael Small, Gene Cicardo, Thomas Dalvenport, Tiffany Sanders, Arteria Scott, Violet Cheney, Arkeith Scott, Peggy Green, Tawana Jackie, and Beverley Ann Bolden. Foster asks that "all illegal filings in his name [be] removed" and seeks damages for a "plot to kill [him] with very little cause."

Foster further contends there is a "Ponsie scheme" to bring false charges against him. Foster contends that Roger Brittain, Billy Brittain, Jamie Cole, Judge Thomas Yeager, and other members of the Ku Klux Klan have falsely charged him and attempted to kill him. Foster apparently filed an action for damages in state court that was not successful.

Foster also contends that Judge Koch, Judge Yeager, Pineville City Court, "Scottland Back Yard," "Vancouver to England," and "Yisrael" have brought changes against him. Foster contends there are reports from England, France, New York City Police, Baton Rouge, the Alexandria Police Department, Tucson, Arizona, the Military BBB, several Inspector Generals, the Military (Delta Force), the FBI, and the CIA which he intends to produce. Foster contends those reports are forged and attempt to show he is insane. Foster further contends that Judge George Metoyer has also tried to show he is insane, but contends his comprehension skills are adequate.

Foster also claims that several attorneys (Steve Harrison, Michael Small, Gene Cicardo, Thomas Davenport, Tiffany Sanders, Bridgett Brown, Hernando Foster, Michael Brewer, and Mr. Neblett) have "illegally" handled his pro se cases and attempted to plead him to charges without his permission or presence in court. Foster also contends that Arteria Scott and Stella Qwandiku "[are] responsible."

Foster contends that personnel at the U.S. District Court for the Western District of Louisiana, Alexandria Division, have "gridded" him unlawfully, threatened to kill his sons, and been rude to him.

Foster also claims that several people in his family (Tawana Jackie, Violet Cheney, Hernando Foster, Ronrico Metoyer, Arteria Scott, Arkeith Scott, Jackie Metoyer, Peggy Green, and Beverly Ann Bolden) have filed lawsuits that he did not give them permission to file.

## Law and Analysis

### Section 1983 Claims

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. §1983. Therefore, Foster must name defendants who are *state actors* and must allege specifically how each of them violated his *constitutional rights*.

A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. See Lugar v. Edmondson Oil Co., Inc., 475 U.S. 922, 937 (1982). Purely private conduct, no matter how wrongful, is not within the protective orbit of Section 1983. See Shelley v. Kraemer, 334 U.S. 1, 13 (1948).

### State Actors

The "Western District Court" (the United States District Court for the Western District of Louisiana) and the "George Washington Library" are not persons or state actors. Therefore, Foster's complaint against the Western District Court and the George Washington Library should be dismissed.

"Jehovah Witness, Inc.," "Schlotzsky's Deli," "Popeye's Chicken," "Wendy's," "Dollar General," and "Southern Chevrolet (Mr. Egmundan)" are not state actors. Moreover, Foster has not made any factual allegations that involve these defendants. Therefore, Foster's § 1983 complaint against them should be dismissed.

Attorneys Michael Small, Gene Cicardo, Jr., Thomas Davenport (misspelled as "Dalvenport"), Tiffany Sanders, Mr. Neblett, Michael Brewer, Bridgett Brown, and Steve Harris (misspelled as "Harrison") are not state actors. They are private attorneys. Therefore, Foster's § 1983 complaint against them should be dismissed.

Foster's family members, Jacqueline Metoyer, Ronrico Metoyer, Hernando Metoyer/Foster,[1] April Metoyer, Arteria Scott, Violet Cheney, Arkeith Scott, Peggy Green Tawana Jackie, and Beverly Ann Bolden, are not state actors. Therefore, Foster's § 1983 complaint against them should be dismissed.

Foster failed to allege any claims at all against Charles Ezernack (misspelled as "Esernach"), Gus Towsend, Lisa Moreau, Simon Cowe, Randy Benson, and Jamie Cole. In order establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights. See Reimer v. Smith, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981). See also, Malley v. Briggs, 475 U.S. 335 (1986). Foster has not alleged or offered any proof of

---

[1] Hernando Metoyer/Foster is listed on the docket sheet at two separate people, Hernando Metoyer and Hernando Foster. However, Foster intended to name only one person, "Hernando Metoyer/Foster," as a defendant.

4

any act or omission by these defendants that constituted a violation of Foster's civil rights. Therefore, Foster's § 1983 complaint against them should be dismissed.

Foster named Roger Brittain, Billy Brittain, and Lisa Moreau, of Brittain and White Construction Co. in Alexandria, Louisiana, as defendants. Since they are not state actors, Foster's §1983 complaint against them should be dismissed.

Foster also named Stella Gwandiku (misspelled as "Qwandiku") as a defendant. She is a medical doctor (a pediatrician) and is not a state actor. Therefore, Foster's § 1983 complaint against Stella Gwandiku should be dismissed.

Finally, Foster names employees of the United States District Court of the Western District of Louisiana as defendants-Greta, Evana, and Jeff. Since federal employees are not state actors, Foster's § 1983 complaint against them should be dismissed.

Immunity

Named defendants Patricia Koch and Thomas Yeager are Louisiana state court judges serving in the Ninth Judicial District Court. Judicial immunity extends only to those functions "normally performed by a judge." Stump v. Sparkman, 435 U.S. 349, 362 (1978). Foster contends Judge Yeager was involved as the Judge in the false charges brought against him, and that he asked for a change of venue to Judge Koch. Therefore, Foster alleges only claims as to Judge Yeager's and Judge Koch's judicial functions. Since Judge Koch and Judge Yeager are absolutely immune from a suit for damages for actions undertaken in their judicial roles, Foster's complaint against Judge Koch and Judge Yeager should be dismissed.

Constitutional Claims

Finally, Foster has not alleged the violation of his constitutional rights by any of the named defendants. Instead, Foster appears to allege state law tort claims for abuse of process (filing false lawsuits), assault or personal injury (murder plot), and malicious prosecution. Therefore, Foster's complaint should be dismissed for failing to state a claim cognizable under § 1983 or any other federal law.

Frivolous Claims

District courts are required to dismiss an *in forma pauperis* ("IFP") prisoner civil rights suit if the court determines that the action is frivolous or malicious or does not state a claim upon which relief may be granted. See 28 U.S.C. S 1915(e); Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998). District courts may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law (i.e., it is based on an indisputably meritless legal theory) or in fact (i.e., the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, or delusional). See Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995). See also, Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. See Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

Since Foster's complaint lacks an arguable basis in law under § 1983, it should be dismissed as frivolous pursuant to § 1915.

Conclusion

Based on the foregoing IT IS RECOMMENDED that Foster's action be DISMISSED WITH PREJUDICE PURSUANT TO § 1915.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have **fourteen (14)** days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14)** days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___6___ day of May 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge